UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | | |
|---|---|---|---|
| DONNIE KNIGHT, | ) | | |
| DAKOTA TRUSLOW, | ) | | |
| TERANCE HUDSON, | ) | | |
| DOMINIC BROWN, | ) | | |
| PHILLIP PAGE, | ) | | |
| RONALD COSPER, | ) | | |
| MARQUES BONDS, | ) | | |
| TYANGUS DEERING, and | ) | | |
| JEREMY DUNCAN, | ) | | |
| | ) | | |
| Plaintiffs, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:16-CV-109-TAV-DCP |
| | ) | | |
| DERRICK SCHOFIELD, | ) | | |
| VALERIE NICHOLS, | ) | | |
| DOUG COOK, and | ) | | |
| DARREN SETTLES, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## **MEMORANDUM OPINION**

This case involves a complaint of several pro se prisoners alleging violations of 42 U.S.C. § 1983. On January 8, 2019, the Court entered an order directing all Plaintiffs, except Bonds and Cosper, "to show cause within fifteen days of entry of [that] order as to why this matter should not be dismissed for lack of prosecution" [Doc. 14 p. 3]. Further, due to the inconsistency of named Plaintiffs in the original complaint and the amended complaint, and due to the fact that all the names on the amended complaint are in the same handwriting, the Court directed the Clerk to send each Plaintiff a copy of the last page of the amended complaint in this case and ordered all Plaintiffs to sign the amended complaint

and send it back within thirty days of entry of that order [*Id.*]. Plaintiffs were notified that if they did not timely comply with the order and return the last page of the amended complaint with their signature, the amended complaint may be stricken [*Id.*]. Fed. R. Civ. P. 11(a). Further, each Plaintiff was forewarned that if he or she did not timely comply with the order, the matter would be dismissed for lack of prosecution and failure to comply with the orders of the Court [*Id.*].

The relevant order was sent to Plaintiffs at their last known address. On January 15, 2019, mail sent to Plaintiffs Marques Bonds, Dominic Brown, Tyangus Deering, Terance Hudson, Phillip Page, and Dakota Truslow were returned as "Undeliverable" and "Unable to Forward" [Docs. 15- 20]. On January 30, 2019, mail sent to Plaintiff Knight was returned as "Undeliverable" noting that he is no longer at that address [Doc. 21]. The remaining Plaintiffs, Ronald Cosper and Jeremy Duncan, have not filed any response to the Court's order and the deadline to do so has passed.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g., Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). Involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

The Court considers four factors when considering dismissal under Rule 41(b):

(1) whether the party's failure is due to willfulness, bad faith or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiffs' failure to prosecute this action can be attributed to their own willfulness or fault. Local Rule 83.13 imposes upon pro se litigants the obligation to both monitor the progress of his case and to prosecute it diligently. Moreover, that same rule provides that the failure of a pro se Plaintiff to timely respond to an order sent to the last address provided to the Clerk may result in dismissal of the case. Here, the record shows that the Court's order directing Plaintiffs to sign and return the last page of the amended complaint and to show cause why the case should not be dismissed for lack of prosecution was mailed to all Plaintiffs at their last reported address. In the instant matter, it appears that Plaintiffs Marques Bonds, Dominic Brown, Tyangus Deering, Terance Hudson, Phillip Page, Dakota Truslow, and Donnie Knight have failed to provide the Court with a forwarding address, and Plaintiffs Ronald Cosper and Jeremy Duncan have chosen not to respond.

The case law is clear that "while pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that

a layperson can comprehend as easily as a lawyer." *Jourdan*, 951 F.2d at 109. The Court's order sets clear and firm deadlines for Plaintiffs to follow. They nevertheless failed to adhere to those deadlines, in violation of both the local rules and the orders themselves. Accordingly, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that, because service was never issued, Plaintiffs' failure to comply with the Court's orders has not prejudiced Defendants.

As to the third factor, the record shows that the Court warned Plaintiffs that their case would be dismissed if they failed to comply with the Court's orders within the allotted timeframe [Doc. 14]. Plaintiff's failure to comply with that order despite being placed on notice of the consequences of non-compliance also weights in favor of dismissal.

Finally, as to the fourth factor, the Court finds that any alternative sanctions would not be effective. Plaintiffs have indicated that they wish to proceed *in forma pauperis*; therefore, the Court has no indication Plaintiffs have the ability to pay a monetary fine. Moreover, there seems little purpose allowing alternative sanctions where Plaintiffs have apparently abandoned their case showing a lack of respect for this Court's deadlines and orders, even after threatened with its dismissal.

For the reasons discussed herein, the Court concludes that, in total, the factors weigh in favor of dismissal of all Plaintiffs in this action pursuant to Rule 41(b). Accordingly, Donnie Knight, Dakota Truslow, Terance Hudson, Dominic Brown, Phillips Page, Ronald Cosper, Marques Bonds, Tyangus Deering, and Jeremy Duncan are **DISMISSED** from

this action and this action is hereby **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b).

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE